UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| DENNIS C. MCELRATH; 2149 LAUWILIWILI LLC; and CD INVESTMENTS LIMITED PARTNERSHIP,<br><br>        Appellants,<br><br>   vs.<br><br>NAN, INC.,<br><br>        Appellee,<br><br>   and<br><br>RICHARD A. YANAGI; and U.S. TRUSTEE, OFFICE,<br><br>        Trustees. | CIV. NO. 22-00047 LEK-WRP |
| DENNIS C. MCELRATH; CD INVESTMENTS LIMITED PARTNERSHIP; and 2149 LAUWILIWILI LLC,<br><br>        Appellants,<br><br>   vs.<br><br>NAN, INC.; and RICHARD A. YANAGI,<br><br>        Appellees. | CIV. NO. 22-00307 LEK-WRP |

**ORDER DENYING APPELLANTS' MOTION FOR STAY OF ADVERSARY PROCEEDING 20-90014 OR SALE OF ADVERSARY CLAIMS PENDING APPEAL**

On November 23, 2022, Defendants/Appellants Dennis C. McElrath ("McElrath"), 2149 Lauwiliwili LLC ("Lauwiliwili"), and CD Investments Limited Partnership ("CDI" and collectively "Defendants" or "Appellants") filed their Motion for Stay of Adversary Proceeding 20-90014 or Sale of Adversary Claims

Pending Appeal ("Motion").  [Dkt. no. 21.[1]]  On December 22,

2022, Creditor/Appellee Nan, Inc. ("Nan") and Trustee/Appellee

Richard A. Yanagi ("Trustee" and collectively "Appellees") filed

their Joint Opposition to Motion for Stay Pending Appeal ("Joint

Opposition"), and Appellants filed their reply on December 29,

2022.  [Dkt. nos. 24, 25.]  The Court finds this matter suitable

for disposition without a hearing pursuant to Rule LR7.1(c) of

the Local Rules of Practice for the United States District Court

for the District of Hawaii ("Local Rules").  Appellants' Motion

is hereby denied for the reasons set forth below.

## BACKGROUND

Nan, Lauwiliwili, and CDI filed their respective proof

of claims against FOPCO, Inc. ("Debtor").  The Trustee is the

trustee of the Debtor's bankruptcy estate in the Debtor's

Chapter 7 bankruptcy case and related proceedings.[2]  See Joint

Opposition at 2-3.  In 2020, the Trustee initiated an adversary

proceeding against Appellants, claiming that the Debtor made

---

[1] McElrath, et al. v. Nan, Inc., CV 22-00047 LEK-WRP
("CV 22-047"), and McElrath, et al. v. Nan, Inc., et al., CV 22-
00307 LEK-WRP ("CV 22-307"), were consolidated on July 27, 2022.
[EO, filed 7/27/22 (dkt. no. 18).]  Unless otherwise specified,
all citations in this Order refer to the filings in CV 22-047.

[2] The bankruptcy proceeding is In re FOPCO, Inc., BK 18-
01084 ("BK 18-1084").

fraudulent transfers totaling approximately $3,000,000 to

Appellants.[3]  See id. at 3; Motion, Mem. in Supp. at 3.

        In January 2022, the bankruptcy court issued an order

"allowing Nan . . . an unsecured claim of $3,142,795.85."

[Joint Opposition at 4 (citation omitted).]  McElrath appealed

the bankruptcy court's order.  See id.; see also Notice of

Transmittal to District Court, filed 1/31/22 (dkt. no. 1), at

PageID.3 (Notice of Appeal and Statement of Election ("the

CV 22-047 Appeal")).  In March 2022, the Trustee and Appellants

reached a tentative settlement in AP 20-90014.  See Joint

Opposition at 4; Motion, Mem. in Supp. at 4-5.  The Trustee

filed a motion in BK 18-1084 for approval of the settlement

under Fed. R. Bankr. P. 9019 ("Rule 9019 Motion"), and Nan

opposed the motion.  After a series of hearings and

continuances, in May 2022, Nan offered the Trustee $1,250,000

for the adversary claims and removed certain terms that were

provided in earlier offers.  [Motion, Mem. in Supp. at 5-6.]

The cash offer was more than McElrath's $1,000,000 offer, but

the Trustee stated a sale of the claims to Nan "'could delay the

closing of this case for years.'"  [Id. at 6 (citation

---

        [3] The adversary proceeding is Yanagi v. McElrath, et al.,
AP 20-90014 ("AP 20-90014").

omitted).]  McElrath then matched Nan's offer, also including

its previous non-monetary terms with its offer.  See id.

At the final hearing on the Rule 9019 Motion,[4] the

Trustee's counsel told the bankruptcy court that, although the

Nan offer and the McElrath offer were for the same amount of

money, the non-monetary benefits, including the potential

litigation that could ensue from the acceptance of the Nan

offer, made the McElrath offer more beneficial to the estate.

See id. at 7.  Nan responded with a verbal offer of $3,142,000

for a 95% interest in the claim.  [Id.]  The Trustee was not

present at the hearing, but counsel for the Trustee stated that

the Nan offer appeared to be better than the McElrath offer.

See id. at 8.  The bankruptcy court approved Nan's offer and it

entered the sale order on July 1, 2022 ("the Sale Order").[5]  See

Joint Opposition at 7.

McElrath filed an appeal of the Sale Order,

"challeng[ing] the appropriateness of the Bankruptcy Court

upending a negotiated settlement and unilaterally selling the

---

[4] The bankruptcy court held the hearing on May 16, 2022.
See BK 18-1084, Minutes, filed 5/16/22 (dkt. no. 360).

[5] The Sale Order is the Findings of Fact, Conclusions of
Law, and Order Denying Trustee's Motion to Approve Settlement
Agreement with Defendants McElrath, 2149 Lauwiliwili LLC and CD
Investment Limited Partnership and Authorizing Sale of Estate's
Avoidance Claims to Nan, Inc.  [BK 18-1084, dkt. no. 379.]

adversary claims to Nan" ("the CV 22-307 Appeal").[6]  Motion, Mem.

in Supp. at 10 (citation omitted); see also CV 22-307, Notice of

Transmittal to District Court, filed 7/15/22 (dkt. no. 1).

McElrath filed a motion in BK 18-1084, requesting that the

bankruptcy court either stay the sale of the adversary claims or

stay AP 20-90014 pending the appeal of the Sale Order.  The

bankruptcy court denied both requests.  See Motion, Mem. in

Supp. at 11; see also BK 18-1084, Motion to Stay Sale of

Adversary Claims to Nan, Inc. or in the Alternative to Stay

Adversary Proceedings Pending Appeal, filed 9/15/22 (dkt.

no. 404) ("BK 18-1084 Motion to Stay"); id., Order Denying

Motion for Stay, filed 10/28/22 (dkt. no. 433).  McElrath now

requests that this Court either stay AP 20-90014 or stay the

sale of the adversary claims pending the appeal of the Sale

Order.  See Motion, Mem. in Supp. at 11.

## STANDARD

A motion to a stay a bankruptcy court's order pending

appeal or to suspend the bankruptcy proceedings pending appeal

can be filed in the district court where the appeal is pending.

Fed. R. Bankr. P. 8007(a)(1)(A) & (D), (b)(1).  "The accepted

standard for discretionary stays" applies to a motion brought

---

[6] The CV 22-307 Appeal refers to Appellants' challenge to the order originally appealed in CV 22-307.  The merits of that appeal will be resolved in CV 22-047, in light of the consolidation of the cases.

under Rule 8007(b).  Lee v. Field, CIVIL NO. 15-00472 SOM/BMK,

2015 WL 7303526, at *2 (D. Hawai`i Nov. 18, 2015)

> "A stay is not a matter of right, even if
> irreparable injury might otherwise result."
> Virginian R. Co. [v. United States], 272 U.S.
> [658,] 672 [(1926)].  It is instead "an exercise
> of judicial discretion," and "[t]he propriety of
> its issue is dependent upon the circumstances of
> the particular case."  Id., at 672-673; see
> Hilton [v. Braunskill], [481 U.S. 770,] 777
> [(1987)] ("[T]he traditional stay factors
> contemplate individualized judgments in each
> case").  The party requesting a stay bears the
> burden of showing that the circumstances justify
> an exercise of that discretion.  See, e.g.,
> Clinton v. Jones, 520 U.S. 681, 708 (1997);
> Landis v. North American Co., 299 U.S. 248, 255
> (1936).

Nken v. Holder, 556 U.S. 418, 433-34 (2009) (some alterations in

Nken).  Courts consider the following factors in determining

whether a stay is appropriate:

> (1) whether the stay applicant has made a strong
> showing that he is likely to succeed on the
> merits; (2) whether the applicant will be
> irreparably injured absent a stay; (3) whether
> issuance of the stay will substantially injure
> the other parties interested in the proceeding;
> and (4) where the public interest lies.

Id. at 434 (quotation marks and citation omitted).

## DISCUSSION

### I.   Timeliness of the Motion

Appellees argue the Motion is untimely because

Appellants waited two months after the filing of the CV 22-307

Appeal before filing the motion for stay with the bankruptcy

court.  See Joint Opposition at 8.  An initial motion in the

bankruptcy court for a stay pending appeal "may be made either

before or after the notice of appeal is filed."  Fed. R. Bankr.

P. 8007(a)(2).  Rule 8007(a)(2), however, does not state when a

motion to stay pending appeal must be filed.  Appellees cite In

re Ton, CIVIL ACTION NO: 21-514, 2022 WL 832572 (E.D. La.

Mar. 21, 2022), and In re Kaplan, 373 B.R. 213 (B.A.P. 1st Cir.

2007), to argue that a two-month delay in filing a stay motion

pending appeal is sufficient to find untimeliness.  See Joint

Opposition at 8.  Neither case is binding on this Court and, in

any event, the cases are unpersuasive.  For instance, In re Ton

cited to In re Kaplan for the proposition that "[c]ourts have

found a delay of two months to be untimely."  In re Ton, 2022 WL

832572, at *2 & n.7 (citing In re Kaplan, 373 B.R. 213, 215

(B.A.P. 1st Cir. 2007) ("The Appellant sat on his hands for two

months.")).  But, in In re Kaplan, the panel held that the two-

month delay in filing an emergency motion to stay was untimely

because the only reason the appellant filed the motion to stay

was because he was faced with an order to show cause for not

complying with the order he sought to stay.  See 373 B.R. at

214-15.

　　　Here, Appellees ultimately fail to show that the

original motion for stay filed in BK 18-1084 was filed in an

unreasonable amount of time.  Appellants state that the

procedural history preceding the stay motions shows that the timing was reasonable because a motion for reconsideration was filed which was not resolved until about a month before Appellants filed the motion for stay in the bankruptcy court. See Reply at 3-4.  The Court, therefore, finds that the BK 18-1084 Motion to Stay was timely.

As to the instant Motion, Appellees argue that, because the BK 18-1084 Motion to Stay was untimely, and the instant Motion was filed more than a month after the bankruptcy court held a hearing on the BK 18-1084 Motion to Stay, the instant Motion is also untimely.  See Joint Opposition at 9. Appellee's argument that the BK 18-1084 Motion to Stay was untimely has been rejected.  Moreover, Rule 8007(b) does not state when a motion to stay can be filed in the court where the bankruptcy appeal is pending.  It states only that reasonable notice of the motion must be provided to the parties.  See Rule 8007(b)(4).  The Court, therefore, finds that the Motion is timely.

## II.   **Merits of Appellants' Request for a Stay**

### A.   **Whether Appellants have a Strong Likelihood of Success**

In their appeal from the Sale Order, Appellants argue the bankruptcy court failed to comply with due process because it did not follow required procedures in conducting the § 363 sale.  Appellants also argue the bankruptcy court erred in

8

rejecting a settlement between Trustee and McElrath.  See

Motion, Mem. in Supp. at 12.

### 1.    Mootness

Appellees first argue that the appeal will likely be

denied as moot because the Sale Order has been performed.  See

Joint Opposition at 11.

> Equitable mootness occurs when a "comprehensive
> change of circumstances' has occurred so 'as to
> render it inequitable for this court to consider
> the merits of the appeal."  In re Roberts Farms,
> 652 F.2d 793, 798 (9th Cir. 1981). The question
> is whether the case "present[s] transactions that
> are so complex or difficult to unwind that the
> doctrine of equitable mootness would apply."
> Lowenschuss v. Selnick (In re Lowenschuss), 170
> F.3d 923, 933 (9th Cir. 1999). . . .
>
>      We endorse a test similar to those framed by
> the circuits that have expressed a standard: We
> will look first at whether a stay was sought, for
> absent that a party has not fully pursued its
> rights.  If a stay was sought and not gained, we
> then will look to whether substantial
> consummation of the plan has occurred.  Next, we
> will look to the effect a remedy may have on
> third parties not before the court.  Finally, we
> will look at whether the bankruptcy court can
> fashion effective and equitable relief without
> completely knocking the props out from under the
> plan and thereby creating an uncontrollable
> situation for the bankruptcy court. . . .

In re Thorpe Insulation Co., 677 F.3d 869, 880-81 (9th Cir.

2012) (some alterations in In re Thorpe).

Appellees do not cite any evidence to support its

contention that the Sale Order has been performed.  See Joint

Opposition at 11.  Without such evidence, the Court cannot make

a determination of whether the CV 22-307 Appeal would likely be denied as moot.  Moreover, even if the appeal of the Sale Order was deemed moot, that would not make AP 20-90014 moot.  The Court, therefore, declines to rule on whether the CV 22-307 Appeal is likely moot.

### 2.    Sale of the Adversary Claims

Appellants contend the bankruptcy court assumed the Trustee's role in selling the adversary claims and disregarded the procedural requirements for a § 363 sale.  See Motion, Mem. in Supp. at 12-13.

> Rule 9019 provides that, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."  The court may approve a compromise or settlement only when it is "fair and equitable."  In re A & C Props., 784 F.2d [1377,] 1381 [(9th Cir. 1986)]. The settlement should be in the best interests of the estate and "reasonable, given the particular circumstances of the case."  Id.  And while a court generally gives deference to a trustee's business judgment in deciding whether to settle a matter, the trustee "has the burden of persuading the bankruptcy court that the compromise is fair and equitable and should be approved."  Id. "Because the bankruptcy judge is uniquely situated to consider the equities and reasonableness of a particular compromise, approval or denial of a compromise will not be disturbed on appeal absent a clear abuse of discretion."  United States v. Alaska Nat'l Bank of the N. (In re Walsh Constr., Inc.), 669 F.2d 1325, 1328 (9th Cir. 1982).

In re Isom, BAP No. ID-19-1198-BGL, 2020 WL 1950905, at *6

(B.A.P. 9th Cir. Apr. 22, 2020) (some alterations in In re

Isom).

> "When confronted with a motion to approve a
> settlement under Rule 9019(a), a bankruptcy court
> is obliged to consider, as part of the fair and
> equitable analysis, whether any property of the
> estate that would be disposed of in connection
> with the settlement might draw a higher price
> through a competitive process and be the proper
> subject of a section 363 sale." [In re Mickey
> Thompson Ent. Grp., Inc., 292 B.R. 415,] 421–22
> [(B.A.P. 9th Cir. 2003)].  Whether to impose
> formal sale procedures, however, is ultimately a
> matter of discretion that depends on the dynamics
> of the particular situation.  Id. at 422.  See
> also Adeli v. Barclay (In re Berkeley Del. Ct.,
> LLC), 834 F.3d 1036, 1040 (9th Cir. 2016).  In
> other words, the court need not implement bidding
> procedures and an auction if the case does not
> call for it.  Sterling v. Green (In re Esterlina
> Vineyards & Winery, LLC), BAP No. NC-16-1428-
> TaBS, 2018 WL 1354331, at *4 (9th Cir. BAP
> Mar. 13, 2018).

Id. at *9.

    Appellants cite to Fed. R. Bankr. P. 2002 and 6004,

stating that they did not receive sufficient notice because the

Rule 9019 settlement motion was transformed into a § 363 sale.

See Motion, Mem. in Supp. at 13–14.  Fed. R. Bankr. P. 6004(a)

states: "Notice of a proposed use, sale, or lease of property,

other than cash collateral, not in the ordinary course of

business shall be given pursuant to Rule 2002(a)(2), (c)(1),

(i), and (k) and, if applicable, in accordance with § 363(b)(2)

of the Code."  Rule 2002 requires the bankruptcy court to give

> the debtor, the trustee, all creditors and
> indenture trustees at least 21 days' notice by
> mail of:
>
> . . . .
>
> (2)  a proposed use, sale, or lease of
> property of the estate other than in the
> ordinary course of business, unless the
> court for cause shown shortens the time or
> directs another method of giving notice;
> [and]
>
> (3)  the hearing on approval of a compromise
> or settlement of a controversy other than
> approval of an agreement pursuant to
> Rule 4001(d), unless the court for cause
> shown directs that notice not be sent[.]

Fed. R. Bankr. P. 2002(a)(2)-(3).

Appellants do not cite to any case law, let alone binding case law, where notice was required during a hearing for a Rule 9019 motion in order to consider a sale of claims under § 363.  In fact, "a bankruptcy court has the discretion to apply § 363 procedures to a sale of claims pursuant to a settlement approved under Rule 9019."  In re Berkeley Del. Ct., 834 F.3d at 1040; see also id. ("We see no good reason why a trustee and the bankruptcy court cannot utilize the procedures of § 363 in certain settlements in order to ensure maximum value for the estate.").  McElrath's counsel attended the hearing on the Rule 9019 motion and, after Nan increased its offer, McElrath's counsel withdrew the settlement offer.  See Joint Opposition at 6; see also BK 18-1084, Transcript of Hearing on Motion to

Approve Settlement("5/16/22 Hrg. Trans."), held 5/16/22, filed
5/26/22 (dkt. no. 368), at 1 (listing counsels' appearances), 5–
6 (McElrath's counsel withdrawing McElrath's settlement offer).

Appellants also argue Nan's purchase of the adversary
claims was done in bad faith.  See Motion, Mem. in Supp. at 14.
Their argument is unpersuasive.  "'Good faith' encompasses fair
value, and further speaks to the integrity of the transaction.
Typical 'bad faith' or misconduct, would include collusion
between the seller and buyer, or any attempt to take unfair
advantage of other potential purchasers."  In re 240 N. Brand
Partners, Ltd., 200 B.R. 653, 659 (B.A.P. 9th Cir. 1996)
(quotation marks and citation omitted).  Although Appellants
take issue with Nan's offer, they fail to show any collusion or
attempt to take advantage of other potential purchasers.

Ultimately, the bankruptcy court concluded that "[i]n
the circumstances of this case, it is appropriate to apply § 363
procedures to [the] Proposed Settlement.  The Trustee
entertaining competing bids is procedurally proper and necessary
to maximize the recovery of the estate."  [BK 18-1084, Sale
Order at 7.]  The bankruptcy court ruled that "[t]he sale of the
Claims to Nan pursuant to the May 16th Offer is in the best
interests of creditors and will result in more benefit to the
estate than the Proposed Settlement with the McElrath Defendants

13

would have." [Id. at 7-8.]  Appellants fail to show that they
have a strong likelihood of success in the CV 22-307 Appeal.

**B.    Whether Appellants Will Be Irreparably Harmed**

Appellants contend that a failure to stay AP 20-90014
or the sale of the adversary claims pending the CV 22-307 Appeal
will cause them to be irreparably harmed.  They argue they might
be forced to defend the same claim twice if, in the CV 22-307
Appeal, this Court finds that the bankruptcy court erred in
allowing the sale of claims.  See Motion, Mem. in Supp. at 16.
If that were to occur, then the Trustee would likely file a
motion under § 363 to which Nan would likely make the same
offer.  McElrath has not given any indication that it would
match Nan's offer.  Indeed, McElrath withdrew its settlement
offer after Nan increased its offer.  See Joint Opposition at 6;
see also 5/16/22 Hrg. Trans. at 6.  As such, it is unclear how
McElrath would be irreparably harmed in that scenario.

Appellants also argue that, if the sale of claims is
overturned, any judgment that Nan would obtain in AP 20-90014
would be void.  See Motion, Mem. in Supp. at 16.  They state
that, in the hearing on the BK 18-1084 Motion to Stay, the
bankruptcy court addressed this issue in that scenario and
concluded that a stay was not necessary because the Trustee
would be substituted with Nan.  See id.  Appellants contend that
such a "post hoc approach cannot satisfy constitutional concerns

14

for standing."  [Id.]  Appellants, however, misstate the

bankruptcy court.   The bankruptcy court stated:

> The appeal from the order on the sale of
> claims to NAN, I don't think justifies a stay of
> the adversary proceeding because the only effect
> that that appeal could have on the adversary
> proceeding is a change in the identity of the
> Plaintiffs as opposed to having the Trustee and
> NAN as Plaintiffs.  As is the case under the
> approved transaction, we'd have only the Trustee
> as a Plaintiff.
>
> So even if there were a reversal after
> judgment in the adversary proceeding, the only
> adjustment would almost certainly be simply
> amending who's the prevailing party under the
> judgment.  **It would become the Trustee rather
> than the Trustee and NAN**.  So I don't think
> that's warranted.

[BK 18-1084, Transcript of Hearing on Motion to Stay Sale of

Adversary Claims or in the Alternative Motion to Stay Adversary

Proceeding, held 10/17/22, filed 10/27/22 (dkt. no. 432), at 9

(some emphases in original).]  The bankruptcy court did not, as

Appellants appear to indicate, state that the Trustee would be

"swapped in" for Nan.  See Motion, Mem. in Supp. at 16.

Appellants further argue they face irreparable harm

because this Court, in the CV 22-307 Appeal, could hold that it

was error for the bankruptcy court to reject the settlement

between the Trustee and McElrath.  See Motion, Mem. in Supp. at

17.  Appellants' argument is unconvincing because the settlement

offer that the Trustee had originally agreed to was withdrawn by

McElrath because it was not willing to increase the offer to

15

match the offer that Nan made at the May 16, 2022 hearing.

Accordingly, Appellants fail to show that they will be

irreparably harmed unless the Court orders a stay.

### C.   Whether an Opposing Party Will Be Substantially Injured

Appellees state they will be injured from any further

delay of AP 20-90014 because the trial has been postponed once

and is now set for March 28, 2023, and the Trustee cannot close

BK 18-1084 until all appeals are concluded.  See Joint

Opposition at 18.  Appellants argue Appellees will not be

injured because time has not been of the essence in AP 20-90014.

See Motion, Mem. in Supp. at 17-18.  Even if the Court found

that Appellees are not likely to suffer substantial injury if a

stay is granted, that finding would not overcome the findings

that Appellants are not likely to succeed on the merits and that

they are not likely to face irreparable harm.

### D.   Whether the Stay Favors the Public Interest

Appellants argue a stay favors the public interest

because it would preserve judicial resources and it could avoid

inconsistent outcomes.  See id. at 18-19.  Appellees contend

that there is no public interest because AP 20-90014 "basically

involves only a few private parties . . . ."  [Joint Opposition

at 19.]  Even if the public has an interest in the conservation

of judicial resources and the avoidance of inconsistent

16

outcomes, Appellants fail to articulate a particularly strong public interest.  This factor is therefore neutral.

### E.   Summary

Appellants fail to carry their burden of showing that the circumstances justify an exercise of the Court's discretion in granting a stay.  See Nken, 556 U.S. at 433-34.

### CONCLUSION

On the basis of the foregoing, Appellants' Motion for Stay of Adversary Proceeding 20-90014 or Sale of Adversary Claims Pending Appeal, filed November 23, 2022, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 27, 2023.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

MCELRATH, ET AL. V. NAN, INC.; CV 22-00047 LEK-WRP; MCELRATH, ET AL. V. NAN, INC. ET AL.; CV 22-00307 LEK-WRP (CONSOLIDATED); ORDER DENYING APPELLANTS' MOTION FOR STAY OF ADVERSARY PROCEEDING 20-90014 OR SALE OF ADVERSARY CLAIMS PENDING APPEAL